IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOMINIC LUCERO,

    Applicant,

v.                                                                                          CV 10-0476 RB/WPL

E. BRAVO, WARDEN, AND THE
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Michael Dominic Lucero has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I recommend that the application be denied as untimely.

**PROCEDURAL BACKGROUND**

Lucero pled guilty, pursuant to a plea agreement, to shoplifting and aggravated fleeing from a law enforcement officer. (Doc. 12 Ex. B.) As part of the plea agreement, Lucero admitted that he had previously been convicted of several other crimes and therefore should be sentenced as a habitual offender. (*Id.* Ex. B, C.) In a judgment filed on July 21, 2008, he was sentenced to seven years in prison to be served concurrently with a sentence on a federal conviction. (*Id.* Ex. A.) Lucero did not pursue a direct appeal. (*See* Doc. 1 at 3.) On September 3, 2008, he filed a *pro se* motion for modification of sentence pursuant to NMRA 5-801(B). (Doc. 12 Ex. D.) The motion is difficult to understand, but it suggests that some problem had arisen with serving the federal and state sentences concurrently. The state court never ruled on this motion. (*See* Doc. 1 at 7.) On

April 14, 2009, Lucero filed a motion for a hearing on the motion for modification. (Doc. 12 Ex. E, F.)

Lucero filed his § 2254 application on May 18, 2010, raising three grounds. (Doc. 1.) First, he alleges ineffective assistance of counsel. He claims that his attorneys in both federal and state court "caused ple[a] agreement to fall through." (*Id.* at 6.) Furthermore, "denial of assistance by both attorneys, was primary factor in due process violations. Both attorneys induced involuntary confessions, based on plea agreement." (*Id.*) Lucero contends that he previously raised these issues in the motion for modification of sentence and the motion for a hearing, as well as in a state habeas petition. Second, he alleges that he had diminished capacity during the commission of the crimes because of "mental illnesses" and "illicit substances." (*Id.* at 7.) Third, he alleges that during plea negotiations, his attorney in the federal case did not mention the "brandishing charge," and Lucero did not understand the implications of this charge. (*Id.* at 9.) Lucero states that his second and third grounds "were not previously raised due to lack of legal representation and no response from state court." (*Id.* at 11.)[1]

In their answer to the § 2254 application, Respondents assert that Lucero's claims are time-barred and unexhausted. Although they acknowledge that Lucero filed the motion for modification of sentence and the motion for hearing, they do not acknowledge that he filed a state habeas petition. The answer includes two docket sheets—apparently printed from the New Mexico Courts Case Lookup System—one for the shoplifting case and one for the fleeing case. (Doc. 12 Ex. E, F.) The docket sheets do not show that a habeas petition has been filed.

---

[1] On July 12, 2010, I issued an order advising Lucero that the Court will not consider challenges to a federal conviction in a § 2254 proceeding and instructing the Clerk of Court to send a copy of this Court's form for motions under 28 U.S.C. § 2255 to Lucero's address of record. (Doc. 11.)

## DISCUSSION

A one-year limitation period applies to § 2254 applications. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005). The limitation period is statutorily tolled while a motion for post-conviction relief is pending in state court, but only if the state petition was filed before the limitation period expired. *See* 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Lucero had thirty days to appeal his convictions. *See* NMRA 12-201(A)(2). Since he did not file an appeal, his convictions became final under § 2244(d)(1)(A) on or about August 20, 2008. His motion under NMRA 5-801(B) is considered a motion for post-conviction relief for purposes of 28 U.S.C. § 2244(d)(2). *Howard v. Ulibarri*, 457 F.3d 1146, 1150 (10th Cir. 2006). Therefore, although the limitations period started running on or about August 21, 2008, it was tolled almost two weeks later, on September 3, 2008. Because the state court never ruled on the motion for modification of sentence, it was deemed denied ninety days after it was filed, or approximately December 2, 2008.[2] The denial of a motion for modification of sentence is a final appealable order. *See State v. Neely*, 876 P.2d 222, 224 (N.M. 1994). Accordingly, Lucero had thirty days, or until approximately January 2, 2009, to appeal the implicit denial. *See* NMRA 12-201(A)(2). He did not file an appeal, so the limitations period started running again on or about January 3, 2009.

---

[2] The version of NMRA 5-801(B) in existence in 2008 stated, "'The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed to be denied.'" *Truelove v. Smith*, 9 F. App'x 798, 801-02 (10th Cir. 2001) (quoting the rule). This language was deleted effective May 6, 2009. *See* NMRA 5-801 Compiler's Annotations.

Eliminating from consideration the short amount of time between the expiration of the appellate deadline and the filing of the motion for modification of sentence, the limitations period would have ended on or about January 3, 2010. Even after granting Lucero this benefit, his application was more than four months late.

If Lucero filed a state habeas petition before the limitations period expired, that petition would further toll the period. *See Clark*, 468 F.3d at 714. Although Lucero claims that he has a habeas petition pending in state court, he does not state when it was filed. As noted above, the docket sheets supplied by Respondents do not show any habeas petition. The state court judgment contains six cause numbers. I have searched the New Mexico Courts Case Lookup System under each of these cause numbers as well as under different permutations of Lucero's name.[3] None of the docket sheets in the six cause numbers shows a habeas petition. However, I did find the case of *Michael Dominic Lucero v. State*, No. D-101-CV-201001678. The docket sheet for this case shows that a petition for writ of habeas corpus was filed on May 12, 2010. Assuming this petition relates to the convictions at issue here, it has no effect on the calculation of Lucero's federal deadline because it was filed after the limitation period ended.

The Supreme Court recently held that the limitation period is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies if the habeas applicant demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). The Court indicated that serious attorney misconduct may be an

---

[3] A court may take judicial notice of facts that are a matter of public record, including the docket of a related state court case. *Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006); *Stack v. McCotter*, 79 F. App'x 383, 391-92 (10th Cir. 2003).

extraordinary circumstance, but "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline," is not. *Id.* at 2564 (internal citation and quotation marks omitted). The Court suggested that the following facts may constitute extraordinary circumstances. An attorney neglected to file a federal petition on time despite his client's many letters repeatedly emphasizing the importance of his doing so; did not do the research necessary to determine the proper filing date, despite the fact that his client's letters went so far as to identify the applicable legal rules; failed to timely inform the client that the state supreme court had decided his case, despite requests for that information; and refused to communicate with his client over a period of years, despite various pleas that he respond to the client's letters. *Id.*

Regarding diligence, the Court stated that only "reasonable diligence," and not "maximum feasible diligence," is required. *Id.* at 2565 (internal quotation marks omitted). The petitioner in that case exercised diligence by writing the attorney numerous letters seeking information; by repeatedly contacting the state courts, their clerks, and the state bar association in an effort to have the attorney removed from his case; and by filing his federal habeas application on the same day that he discovered the limitations period had expired due to his attorney's failings. *Id.*

Here, Respondents clearly argued in their answer that Lucero's application is time barred and they sought dismissal on that basis. (*See* Doc. 12 at 5-6.) Lucero filed a response to the answer. (Doc. 13.) The response makes the following allegations that, liberally construed, could be relevant to equitable tolling: 1) "Appointed counsel in state court proceedings faild to assist petitioner leding to the primary factor of due process [sic];" 2) "Petitioner requested to exhaust state court remedies threw [sic] counsel, and was denied assistance;" 3) "Petitioner filed motions in state courts without responses;" 4) "Petitioner assumed that state court remedies would not apply do [sic] to the plea agreements of pleading guilty, [so] Petitioner did not know or understand time limitations which led

5

[sic] to suffered violation of federal constitutional right of counsel;" and 5) "Petitioner was under the influence of percribed medacation [sic] for his mental health capacity that kepted [sic] Petitioner from makeing sound dissions [sic]." (*Id.* at 1-2.)

These allegations do not make a case for equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (stating that the habeas applicant bears the burden of establishing his entitlement to equitable tolling). The first two allegations are that Lucero's attorney failed to help him. The allegations do not suggest that counsel's omissions went beyond mere negligence or rise to the level of serious misconduct described in *Holland*. Moreover, there is nothing to indicate that an attorney has been appointed or retained to assist him in filing a federal habeas application. The remaining three allegations relate to Lucero's inability to understand or follow the applicable legal rules. A *pro se* litigant's lack of legal knowledge is not extraordinary, and Lucero's conclusory assertion that he was on unnamed medications that impeded sound decisionmaking is insufficient to meet his burden of raising a colorable issue regarding equitable tolling. *See id.* at 928-30 & n.7 (discussing many circumstances that do not justify equitable tolling, including learning disabilities, ignorance of the law, lack of legal assistance, and counsel's failure to disclose the time requirements); *see also Riva v. Ficco*, ___ F.3d ___, ___, No. 07-1998, 2010 WL 3037806, at *3-4 (1st Cir. Aug. 5, 2010) (holding that mental illness may be an extraordinary circumstance if there is a causal link between the illness and the failure to file on time).

Even if Lucero's allegations added up to extraordinary circumstances, he has not demonstrated that he exercised diligence in pursuing federal relief. He asked his attorney to pursue relief in state court and he filed a motion for a hearing on his state motion for modification of sentence, but he does not claim that he took any actions to ensure that his § 2254 application would be timely. He does not indicate that he sought information from an attorney, the courts, or any other

source. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling did not apply, in part, because the petitioner provided no specificity regarding the steps he took to diligently pursue his federal claims).

### CONCLUSION

For the reasons stated above, I recommend that Lucero's application for a writ of habeas corpus be denied. Furthermore, Lucero has not made a substantial showing of the denial of a constitutional right. I therefore recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE